**Opinion issued February 20, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00069-CR

## NO. 01-25-00070-CR

———————————

## IN RE SAMUEL ROY JACKSON, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Samuel Roy Jackson, has filed a petition for writ of mandamus requesting that this Court compel the Harris County District Attorney to "disclose all exculpatory evidence material documents filed under cause number 913043 and cause number 952420."[1]

---

[1]   The underlying cases are *The State of Texas v. Samuel Roy Jackson*, cause numbers 913043 and 952420 in the 183rd District Court of Harris County.

This Court has jurisdiction to issue a writ of mandamus against "a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." TEX. GOV'T CODE § 22.221(b). We lack authority to issue a writ of mandamus against other parties unless necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). Relator's requested mandamus relief is not against a judge and does not involve enforcing the appellate jurisdiction of this Court. Accordingly, we lack jurisdiction to issue a writ of mandamus against the Harris County District Attorney. *See In re Cole*, No. 01-20-00807-CR, 2021 WL 243894, at *2 (Tex. App.—Houston [1st Dist.] Jan. 26, 2021, orig. proceeding) (mem. op., not designated for publication).

Because we lack jurisdiction to grant the relief requested, we deny the mandamus petition.[2]

## PER CURIAM

Panel consists of Justices Guerra, Caughey, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Relator's petition also fails to comply with the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See* TEX. R. APP. P. 52.3 (form and content requirements); 52.7(a) (record requirements).